IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-01733-CMA

ROBERT CRAVIN,

Applicant,

v.

J. WANDS,

Respondent.

---

ORDER DENYING PETITION FOR HABEAS CORPUS

---

The matter before the Court is an Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 2). The Court has determined it can resolve the Application without a hearing.[1]

## I. Background

On June 14, 2005, Applicant was arrested by Texas state authorities for the crime of burglary of a habitation.[2] Applicant was on parole from a previous Texas state conviction in case number 2002-400594 at the time of this arrest.[3]

---

[1] Blackledge v. Allison, 31 U.S. 63, 83 (1977); *see also* Jeter v. Keohane, 739 F.2d 257 n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); 28 U.S.C. § 2243.

[2] Resp. To Order To Show Cause (Doc. No. 13; Nov. 29, 2010), attach. 4. Applicant did not object to any of the exhibits or attachments in the Response. *See*, *e.g.*, Rules Governing Section 2254 Cases 7(c).

[3] Id., attach. 4.

On October 12, 2005, Applicant was named in a two-count indictment in the United States District Court for the Northern District of Texas in case number 5:05-cr-00091-C-BG.[4] He was charged with being a felon in possession of a firearm and for possession of a stolen firearm.[5]

Applicant remained in state custody until November 30, 2005, when he was transferred to federal custody pursuant to a Writ of Habeas Corpus *Ad Prosequendum* issued by the Northern District of Texas.[6]

On April 28, 2006, Applicant pled guilty in federal court to the count of a felon in possession of a firearm and was sentenced to a term of 87 months incarceration.[7] This federal sentence was ordered to "run consecutive with any sentence imposed in Case No. 2002-400,594, 137th District Court, Lubbock County, Texas."[8] Applicant was returned to state custody on May 3, 2006.[9]

---

[4] Id., attach. 8.

[5] Id. These charges were based on facts uncovered during Applicant's June 14, 2005 arrest.

[6] Id., attach. 2 & 11.

[7] Id., attach. 3 at 1.

[8] Id., at 2.

[9] Id., attach. 2 at 2.

On June 7, 2006, Applicant's parole in case number 2002-400594 was revoked and he was sentenced on his 2005 burglary charge.[10] Applicant was credited for all time served since his June 14, 2005 arrest in his state sentence.[11]

On March 21, 2008, Texas officials released Applicant into federal custody, at which time he was formally committed to the United States Bureau of Prisons (BOP) to begin serving his sentence in case number 5:05-cr-00091-C-BG.[12] Applicant is presently in the custody of the BOP at the Federal Correctional Institute in Florence, Colorado.[13]

## II. Application

Applicant initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on July 22, 2010.[14] This Court issued an Order To Show Cause to Respondent on October 28, 2010.[15] Respondent filed a response on November 29, 2010.[16] Applicant did not file a traverse.

Applicant is challenging the computation of his federal sentence. He alleges that the BOP has not credited case number 5:05-cr-00091-C-BG for the correct amount of

---

[10] Id. attach. 4.

[11] Id.

[12] Id., attach. 6 at 2. Applicant's minimum release date for his 2005 state burglary conviction appears to have been June 17, 2008. Id., attach 4. However, this discrepancy is irrelevant since it is undisputed that Applicant has been receiving credit on his federal sentence at all times since March 21, 2008. Id., attach. 6 at 2.

[13] Id., attach. 5.

[14] Doc. No. 2.

[15] Doc. No. 12.

[16] Doc. No. 13.

time spent in pre and post trial detention. He requests a credit of 33 months and 12 days, from the date of his initial arrest on June 14, 2005, to the date he was transferred to federal custody on March 21, 2008.

## III. Legal Standard

A Section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[17] "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."[18] "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ."[19]

"A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."[20] Here, Applicant correctly filed his petition in the District of Colorado, where he was incarcerated at the time of initial filing.

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or

---

[17] McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (*quoting* Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).

[18] Hernandez v. Davis, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998).

[19] Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

[20] 28 U.S.C. § 2241(a); Bradshaw, 86 F.3d at 166.

construct a legal theory on plaintiff's behalf."[21] The Court should not be the *pro se* litigant's advocate.[22]

## IV. Analysis

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*."[23]

Applicant was credited the time he requests for pre- and post-trial detention in his Texas sentence imposed in case number 2002-400594. Therefore, pursuant to statute he is not eligible to have this time credited to his federal sentence in case number 5:05-cr-00091-C-BG because this time was already "credited against another sentence."[24]

Although Applicant argues that a federal detainer was placed on him on October 12, 2005, which he claims constituted a constructive intake into federal custody, he provides no evidence that this detainer existed. Regardless, a "federal sentence does not commence until a prisoner is actually received into federal custody for that purpose."[25] Applicant's sentence was clearly ordered to begin only after his 2002 state

---

[21] Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[22] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[23] 18 U.S.C. § 3585(b) (emphasis added); *see also* Resp. To Order To Show Cause at Ex. A-1, attachment 8 (BOP Statement 5880.28 at 1-17).

[24] 18 U.S.C. § 3585(b).

[25] Binford v. United States, 436 F.3d 1252, 1255 (10th Cir. 2006); 18 U.S.C. § 3585(b).

sentence was completed. This occurred on March 21, 2008, so this was the day that he was "actually received into federal custody" to commence serving his federal sentence.[26]

Applicant argues that his state court sentence explicitly ran concurrently to the federal sentence, so time served in that sentence must be credited to both the state and federal sentences. However, a subsequent state court decision can not change a federal sentence.[27] "[D]etermination of whether a defendant's 'federal sentence [runs] consecutively to [a] state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.'"[28] The state court's wishes as to running the sentences concurrently have no effect on this Court's sentence and the BOP is correct in not crediting time served in state confinement.

Applicant argues that he is entitled to a *nunc pro tunc* designation of his federal sentence in state custody pursuant to Barden v. Keohane.[29] However, Barden is inapplicable since the federal judge in this case explicitly ordered Applicant's federal sentence to run consecutive to his state sentence.[30]

---

[26] Binford, 436 F.3d at 1255.

[27] United States v. Eccleston, 521 F.3d 1249, 1254 (10th Cir. 2008).

[28] Id. (*quoting* Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991)).

[29] Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).

[30] Doc. No. 13, attach. 3 at 2; United States v. Miller, 594 F.3d 1240, 1242 (10th Cir. 2010).

Finally, to the extent Applicant argues he is entitled to federal custody while being held pursuant to a Writ of Habeas Corpus *Ad Prosequendum*, this argument has long been rejected by the United States Court of Appeals for the Tenth Circuit.[31]

In conclusion, Applicant's federal sentence has not been executed unlawfully, and he is not entitled to habeas relief.

## V. Order

It is ORDERED that the Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 2; July 22, 2010) is denied with prejudice.

DATED: August 9, 2011

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

[31] Hernandez v. U.S. Atty. Gen., 689 F.2d 915, 918 (10th Cir. 1982); United States v. Welch, 928 F.2d 915, 916 n.2 (10th Cir. 1991).